974 F.2d 1338
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond JACKSON, Plaintiff-Appellant,
v.
Terry PITCHER, Warden, Defendant-Appellee.
 No. 91-1911.
 United States Court of Appeals, Sixth Circuit.
 Aug. 20, 1992.
 
 Before KENNEDY and JONES, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Raymond Jackson, a Michigan prisoner proceeding without assistance of counsel, appeals from the judgment of the district court dismissing his complaint filed pursuant to 42 U.S.C. § 1983, and moves this court to certify a question of law to the Michigan Supreme Court. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages and the certification of a class of prisoners, Jackson sued the warden of Michigan's Standish Maximum Facility (Standish) and five other Michigan Department of Corrections officials as defendants. Jackson alleged that the Department of Corrections policy providing only "non-contact" visitation at Standish deprived the inmates of their constitutional rights in violation of 42 U.S.C. § 1983. The district court held that Jackson failed to establish a constitutionally protected liberty interest in contact visits and that his claims under the Fourteenth Amendment must fail.
 
 
 3
 Upon review, we find no error. Appellate courts examine procedural due process questions in two steps. Kentucky Dep't. of Corrections v. Thompson, 490 U.S. 454, 460 (1989). The first question is whether there exists a liberty interest which has been interfered with by the State, Board of Regents of State Colleges v. Roth, 408 U.S. 564, 571 (1972); the second is whether the procedures used to deprive one of the right are constitutionally sufficient. Hewitt v. Helms, 459 U.S. 460, 472 (1983). We conclude that Jackson fails on both prongs of the analysis.
 
 
 4
 A close examination of the language of the relevant regulation reveals no substantive limitation on official discretion. See Olim v. Wakinekona, 461 U.S. 238, 249 (1983). The regulation PD-BCF-63.02 provides: "Visiting for Level VI prisoners shall be non-contact only. Prisoners classified to other levels may be limited to non-contact visits under the following (four) circumstances...." The phrase "may be limited" provides for the exercise of official discretion and is not mandatory language which requires the application of certain substantive predicates in determining whether the Level V prisoners at Standish may be designated for non-contact visitation.
 
 
 5
 Secondly, assuming arguendo a state-created liberty interest in contact visitation, Jackson was not deprived of the interest without due process of law. He argues that the Michigan Department of Corrections failed to follow the applicable provisions to formal promulgation of administrative rules. However, policy directives concerning inmates are expressly excluded from the formal promulgation provisions. MCL 24.207. Therefore, the policy of non-contact visitation at Standish was not enacted illegally. Jackson received the process he was due. He fails to establish the second prong of analysis under Thompson, 490 U.S. at 460.
 
 
 6
 Accordingly, the judgment of the district court is hereby affirmed for the reasons set forth in the district court's order entered on July 10, 1991. Rule 9(b)(3), Rules of the Sixth Circuit. The motion to certify a question of law to the Michigan Supreme Court is denied.